UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARLEE WALKER ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NUMBER |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| PHILLIPS & COHEN ASSOCIATES, ) | |
| LTD. and SHAREECE HACKETT ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Carlee Walker, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Carlee Walker ("Walker" or "Plaintiff"), is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. Defendant, Phillips & Cohen Associates, Ltd. ("Phillips"), is a foreign corporation who is registered with the Alabama Secretary of State. The Defendant is engaged in the business of

collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

3. Defendant Shareece Hackett ("Hackett") is, upon information and belief an agent or employee of Defendant Phillips & Cohen Associates, Ltd and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

### Background

4. Ms. Walker is the mother of the late Matthew A. Knighten. Ms. Walker is an elderly woman who is in very poor health and lives on a meager fixed income derived from disability benefits.

5. Ms. Walker's sister, Betsy Hagood, lives in Ms. Walker's home in order to care for her.

6. Ms. Walker's son, Matthew A. Knighten, committed suicide in June, 2008.

7. Mr. Knighten's death caused many of his consumer debts to become in default.

8. Upon information and belief, Phillips has either purchased some defaulted consumer debts of Mr. Knighten, or has been retained by Mr. Knighten's creditors to collect the defaulted consumer debts.

### Collection Phone Call

9. On or about November 17, 2008, an agent/employee of Phillips who referred to herself as "Shareece Hackett" called the home phone of Plaintiff in an attempt to collect a debt allegedly owed by Mr. Knighten to HSBC. The alleged debt was incurred for personal, family, or household purposes.

10. Plaintiff notified the agent/employee that no estate was opened for Mr. Knighten, that there were insufficient assets by which to open an estate for him, and that she was not personally liable for any of the debts of Mr. Knighten.

11. Hackett told Plaintiff that Mr. Knighten's name was on the deed to Plaintiff's home and that his interest in the home was an asset that Phillips could take to satisfy the alleged debt. Plaintiff told Hackett that there was a "joint survivorship deed" and that, upon his death, Mr. Knighten no longer had any interest in the property.

12. Hackett responded that either she or Phillips had done an "asset search" which included "checking courthouse records" and that Mr. Knighten did indeed have an interest in the house notwithstanding his death.

13. Had Hackett indeed "checked" the courthouse records she would have learned that the deed was in fact one with a provision for joint tenancy with right of survivorship which, as a matter of law, transferred all interest in the property to Plaintiff immediately upon Mr. Knighten's death.

14. Becoming frustrated, Plaintiff told Hackett to contact her attorney and provided Hackett with her attorney's information.

15. Undaunted, Hackett asked if Plaintiff's attorney was handling Mr. Knighten's estate.

16. Plaintiff repeated that no estate was opened for Mr. Knighten.

17. Hackett responded by stating, "If your lawyer isn't handling the estate, I don't have to talk to him," or words to that effect.

18. Hackett continued to attempt to collect this debt from Plaintiff despite knowledge that she was represented by counsel and despite the fact that Plaintiff does not owe this debt and no estate was opened for the deceased debtor.

***Attempting to Collect From a Known Non-Debtor***

19. Defendant knew that there was no estate of Matthew A. Knighten, and that Plaintiff was not liable for the alleged debt(s).

20. Nevertheless, Defendant continued to harass Plaintiff in an attempt to collect the alleged debt(s) from her.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to alleged consumer debt(s).

23. The Defendants violated §1692d by using harassment and abusive means in attempting to collect a debt.

24. The Defendants violated §1692b by contacting a third party and disclosing information about a debt to a non-debtor, and continued to communicate with the plaintiff/consumer when the Defendants knew she was represented by an attorney.

25. The Defendants used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §§1692e(2), (4), (5) and (11).

26. As a proximate result of the Defendants' actions, the Plaintiff was caused to suffer damages.

## COUNT TWO
### NEGLIGENT TRAINING AND SUPERVISION

27. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

28. The Defendant Phillips knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

29. The Defendant Phillips knew or should have known that said conduct was improper.

30. The Defendant Phillips negligently failed to train and supervise collectors in order to prevent said improper conduct.

31. The Defendant Phillips negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

32. As a result of the Defendant Phillips's negligence, the Plaintiff was caused to suffer damages.

## COUNT THREE
### RECKLESS AND WANTON TRAINING AND SUPERVISION

33. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

34. The Defendant Phillips knew or should have known the status of the alleged debt in relation to the Plaintiff, and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

35. The Defendant Phillips knew or should have known that the said conduct was improper and illegal.

36. The Defendant Phillips recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

37. The Defendant Phillips recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

38. As a result of the Defendant Phillips's recklessness and wantonness, the Plaintiff was caused to suffer damages.

## COUNT FOUR
## INVASION OF PRIVACY

39. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

40. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

41. The Defendants undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

42. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the

employees of and/or acting on behalf of Defendants.

43. Said communications constitute the wrongful intrusion into her solitude and seclusion.

44. As a proximate consequence of said invasion of the right of privacy, the Defendants have caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

### *Respondeat Superior Liability*

45. The acts and omissions of the agents/employees of Defendant Phillips who communicated with Plaintiff were committed within the time and space limits of their agency relationship with their principal, Defendant Phillips.

46. The acts and omissions by the agents/employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Phillips in collecting consumer debts.

47. By committing these acts and omissions against Plaintiff, the agents/employees were motivated to benefit their principal, the Defendant Phillips.

48. Defendant Phillips is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agents/employees, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

### **AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the defendant as follows:

A. Declaratory judgment that the Defendants' conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendants for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendants' violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendants pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendants on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; and Invasion of Privacy; and,

F. Such other relief that this Court deems just and proper.

_____
W. Whitney Seals
ASB 8890-W81S
Pate & Cochrun, LLP
P.O. Box 10448
Birmingham, AL 35202-0448
Phone (205) 323-3900

_____
Michael W. Lindsey
ASB 4328-A63L
Lindsey Law Firm, LLC
One Perimeter Park Dr., Ste 330 N
Birmingham, AL 35243
Phone (205) 970-2233